NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAI ZHANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71963

Agency No. A208-613-973

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2020[**]
Honolulu, Hawaii

Before:  WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Haiming Zhang seeks review of the decision of the Board of

Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his

applications of asylum and withholding of removal on adverse credibility grounds.

He also challenges the BIA's alternative holding that his claims fail even if he

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

were deemed credible. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. We review for substantial evidence "denials of asylum [and] withholding of removal." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). Factual findings, including adverse credibility determinations, will be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citations omitted). We deny the petition.

"[T]o secure entry to the United States and to escape their persecutors, genuine refugees" may make false statements. *Gulla v. Gonzales*, 498 F.3d 911, 917 (9th Cir. 2007) (citing *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999)). Otherwise, knowingly making false statements "always counts as substantial evidence supporting an adverse credibility finding." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Because the BIA adopted the IJ's decision and provided its own analysis, the Court reviews both decisions. *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

Here, the IJ identified, and the BIA relied on, falsehoods in Zhang's visa application, the implausibility of the circumstances surrounding his application, and the lack of corroboration. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (holding under the totality of the circumstances standard, an IJ may rely

2

on inconsistencies and "any other relevant factor"). The IJ found no reason for the falsehoods of Zhang's occupation and his wife's name in his visa application, which was intended for vacation in the United States. The IJ found it implausible that Zhang applied for the visa around the same time that his father's foot pain became more severe, because he was concerned about his father and supporting his family. The IJ found it implausible that Zhang discovered the falsehoods in his visa application right before his interview at the United States consulate and had no opportunity to fix them, and that he interviewed only because the agent who prepared his application threatened to fine him. The IJ also highlighted the insufficient corroboration from Zhang's wife and the unnamed neighbor set to accompany him on vacation to the United States.

Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous. Thus, the petition for review is **DENIED**.[1]

---

[1] Because we hold that the BIA's adverse credibility finding was supported by substantial evidence, we need not consider the BIA's alternative holding, for which the BIA presumed that Zhang was credible. Separately, we may not consider Zhang's argument that his corroborating evidence independently establishes his asylum claim because he did not exhaust this argument before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).